**Roderico Beltsazar Temaj CASTANON, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–70068.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 14, 2013.

Stephen Shaiken, Law Office of Stephen Shaiken, San Francisco, CA, for Petitioner.

Wendy Benner–Leon, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Roderico Beltsazar Temaj Castanon, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

Substantial evidence supports the BIA's finding that Temaj Castanon failed to demonstrate that either his family's past encounters with guerrilla members or his fear of future harm from general civil strife has a nexus to a protected ground. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1094–95 (9th Cir.2002) (evidence did not compel finding that Guatemalan guerillas attacked family home and threatened family on account of imputed political opinion or membership in a particular social

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

group); *Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground."). Accordingly, in the absence of a nexus to a protected ground, Temaj Castanon's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1172 (9th Cir.2005).

Substantial evidence also supports the agency's denial of CAT relief because Temaj Castanon failed to show it is more likely than not he will be tortured with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.